UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY RAY FARMER III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2971** |
| **LOUISIANA ELECTRONIC AND FINANCIAL CRIMES TASK FORCE, ET AL.** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendant the United States of America, through the Louisiana Electronic and Financial Crimes Task Force (Doc. #19), is **GRANTED,** and plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiffs, Billy Ray Farmer III and Diana Farmer, filed this action in the Twenty First Judicial District Court, Parish of Tangipahoa, State of Louisiana against the Louisiana Electronic and Financial Crimes Task Force (the "Task Force"); Thomas H. Young, Jr., a former deputy of the St. John the Baptist Parish Sheriff's Office; Toby Aguillard, a deputy of the Tangipahoa Parish Sheriff's Office; and, Marcus McMillan, a deputy of the Tangipahoa Parish Sheriff's Office, alleging that the defendants committed various torts against them in connection with a search of Diana Farmer's home and the arrest of Billy Ray Farmer III.  The Task Force is a tasks force comprised of federal, state, and local law enforcement personnel that was established by the United

States Secret Service, a federal law-enforcement agency that is a component of the Department of Homeland Security ("DHS"), as part of the Patriot Act of 2001.

On September 9, 2010, the United States removed this action to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1442, which permits removal to federal court of civil actions filed in state court against the United States or any agency or officer thereof. In its notice of removal, the United States avers that the Task Force, the Secret Service, and DHS are agencies of the United States.

On September 30, 2011, the United States filed a motion to dismiss for lack of subject matter jurisdiction arguing that it is the proper defendant, that plaintiffs failed to exhaust their administrative remedies regarding their tort claims, and that a plaintiff cannot bring constitutional tort claims against the United States.

## ANALYSIS

**A.     Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

**B.     Federal Tort Claims Act**

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Broussard v. United States, 989 F.2d 171, 174 (5th Cir. 1993) (internal quotation and citation omitted).  The United States has statutorily consented to suits regarding common law torts pursuant to the terms of the Federal Tort Claims Act ("FTCA").  Id. The FTCA contains a limited waiver of the United State's sovereign immunity, allowing a plaintiff to sue the United States for damages in compensation for injuries resulting from certain torts of employees of the government acting within the scope of their employment. Robb v. United States, 80 F.3d 884, 887 (4th Cir. 1996); 28 U.S.C. § 1346(b).  "It is beyond dispute that the United States, and not the responsible agency or employee, is the proper part defendant" in a FTCA suit. Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).  Further, the United States' FTCA waiver of sovereign immunity does not include federal constitutional torts. Sampson v. United States, 73 Fed. Appx. 48, 49 (5th Cir. 2003).  Under the FTCA, plaintiffs asserting a common law tort claim against the United States must first file an administrative claim, and either obtain a written denial of the claim from the agency or wait six months until after the filing of the administrative claim. 28 U.S.C. § 2671, et seq..

In this case, plaintiffs attempt to assert common law torts and constitutional torts against the Task Force.  Because the Task Force was established by the United States Secret Service as a part of the Patriot Act of 2001, it is part of the DHS, a federal agency.  Therefore, under the FTCA, the United States is the proper defendant.  The United States' limited waiver of sovereign immunity

under the FTCA does not encompass constitutional claims, and requires plaintiffs to exhaust administrative remedies regarding their common law torts prior to filing suit. Plaintiffs have not filed an administrative claim with the appropriate agency. Thus, plaintiffs' claims against the United States, through the Louisiana Electronic and Financial Crimes Task Force, for common law torts and constitutional torts must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by defendant the United States of America, through the Louisiana Electronic and Financial Crimes Task Force (Doc. #19), is **GRANTED,** and plaintiff's claims against it are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this  24th  day of October, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**