UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILLY RAY FARMER, III, ET AL.                    CIVIL ACTION

VERSUS                                            NO: 10-2971

LOUISIANA ELECTRONIC AND                          SECTION: "S" (3)
FINANCIAL CRIMES TASK FORCE,
ET AL.

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial or Amendment of Judgment Under Rule 59 of the Federal Rules of Civil Procedure (Doc. #53) is **DENIED**.

## BACKGROUND

This matter is before the court on plaintiffs' motion for new trial or to amend the judgment dismissing the case for failure to prosecute. Plaintiffs argue that lesser sanctions than dismissal would have been more appropriate.

Plaintiffs, Billy Ray Farmer, III and Diana Farmer, a mother and son who share a home in Ponchatoula, Louisiana, filed this action on June 24, 2012, in the Twenty-First Judicial District Court, Parish of Tangipahoa, State of Louisiana against the Louisiana Electronic and Financial Crimes Task Force (the "Task Force"); Thomas H. Young, Jr., a former deputy of the St. John the Baptist Parish Sheriff's Office; Toby Aguillard, a former prosecutor and current director of the Tangipahoa Parish Sheriff's Office Internet Crimes Task Force; and, Marcus McMillian, a deputy of the Tangipahoa Parish Sheriff's Office, alleging that the defendants violated their Fourth Amendment rights to be free from unlawful searches and seizures in connection with a search of Diana Farmer's home and the arrest of Billy Ray Farmer III. Plaintiffs also allege that Young

committed aggravated burglary and aggravated assault, and that the Task Force violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.[1]

On September 9, 2010, the Task Force, acting through the United States Attorney, removed this action to the United States District Court for the Eastern District of Louisiana under 28 U.S.C. § 1442, which permits removal to federal court of civil actions filed in state court against the United States or any agency or officer thereof. In its notice of removal, the United States avers that the Task Force, the Secret Service, and DHS are agencies of the United States.

Thereafter, the Task Force and the United States filed a motion to dismiss for lack of subject matter jurisdiction arguing that the United States is the proper defendant, that the Farmers' failed to exhaust their administrative remedies regarding their tort claims, and that a plaintiff cannot bring constitutional tort claims against the United States. This court granted the motion and dismissed plaintiffs' claims against United States of America, through the Louisiana Electronic and Financial Crimes Task Force, without prejudice.

On November 29, 2011, the Farmers filed an amended complaint. In this complaint plaintiffs allege that Young did not have a warrant or probable cause to search the Farmers' home or to arrest Billy Ray Farmer. Plaintiffs also allege that Young stole Billy Ray Farmer's computer.

On December 16, 2011, counsel for plaintiffs and defendants participated in a preliminary conference with this court's case manager, after which a scheduling order was entered into the

---

[1] The Task Force is a task force composed of federal, state, and local law enforcement personnel, that was established by the United States Secret Service, a federal law-enforcement agency that is a component of the Department of Homeland Security ("DHS"), as part of the Patriot Act of 2001.

record. Under that December 20, 2011, scheduling order the deadline for the exchange of initial disclosures was January 13, 2012, the deadline for plaintiffs to serve expert reports on the defendants was April 19, 2012, the deadline for filing witness and exhibit lists was June 18, 2012.

On July 23, 2012, Aguillard and McMillian filed a motion to dismiss for plaintiffs' failure to prosecute. This court granted that motion on August 10, 2012, because plaintiffs failed to meet the deadlines and did not offer any reasonable explanation for their lapse. The court noted that this case has been pending for two years, that the scheduling order was entered on December 20, 2011, setting the pretrial conference for August 16, 2012, and trial for September 10, 2012. When the defendants moved to dismiss the case for plaintiffs' failure to prosecute, the trial date was less than a month away, and plaintiffs had failed to serve initial disclosures, witness and exhibit lists, and expert reports on defendants, prejudicing defendants' ability to prepare for trial. The court found that plaintiffs' failure to comply with the deadlines set forth in this court's scheduling order demonstrates a complete disregard for this court's procedures and justifies dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, lesser sanctions would not have been appropriate because the case had been pending for more than two years, and the trial date was so close.

On September 10, 2012, plaintiffs' filed a motion for new trial or to amend the judgment dismissing the case. Plaintiffs argue that dismissal was not justified under Rule 41(b) because the court could have imposed alternative sanctions. Specifically, plaintiffs argue that the court could have stayed the case and ordered them to file the missing documents. Plaintiffs contend that the defendants were not prejudiced in their ability to prepare for trial because the parties conducted depositions. Plaintiffs also argue that their failure to meet the scheduling order's deadlines were

3

caused by their counsel's disciplinary proceedings that were concluded on March 15, 2011, counsel's wife's medical condition that manifested in April 2011, and counsel's house fire that occurred in May 2011.

Defendants argue that dismissal was justified because they could not adequately prepare a defense without knowing what evidence plaintiffs would present. Defendants argue that without the benefit of plaintiffs' initial disclosures and witness and exhibit lists, they could not know what evidence plaintiffs would present at trial and could not properly prepare a defense. Defendants argue that dismissal was appropriate because plaintiffs failed to provide such information until one month before trial. Further, defendants argue that plaintiffs have never before mentioned counsel's personal issues, and that they should not be considered now.

## ANALYSIS

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. PRO. 59(e).

This court dismissed plaintiffs' case on August 10, 2012. Plaintiffs filed their motion for a new trial thirty-one days later, on September 10, 2012. However, this court was closed by order of the Chief Judge from August 28, 2012 until August 31, 2012, due to Hurricane Isaac. During that

4

time, all deadlines, delays and prescriptive periods were suspended.[2] Therefore, plaintiffs' motion will be considered as a motion under Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

In their Rule 59 motion, plaintiffs argue for the first time that the delays were caused by counsel's disciplinary action that concluded on March 15, 2011, counsel's wife's illness that manifested in April 2011, and counsel's house fire that occurred in May 2011. The scheduling order in this case was entered on December 20, 2011, seven months after the latest of these events. That scheduling order set January 13, 2012, as the deadline for the exchange of initial disclosures; April 19, 2012, as the deadline for plaintiffs to serve expert reports on defendants; and, June 18, 2012, as the deadline for filing witness and exhibit lists. These pertinent dates occurred eight months to more than a year after the latest of the events affecting plaintiffs' counsel that plaintiffs argue caused the

---

[2] Defendants argue that Rule 6(b)(2) of the Federal Rules of Civil Procedure prevents the court from extending the time to file a Rule 59 motion. Rule 6(b)(1) provides that a court may, for good cause, extend the time within which an act must or may be done with or without a motion before the original time expires, and with a motion after the original time expires if the party failed to act because of excusable neglect. Rule 6(b)(2) provides that the court must not extend the time to act under Rule 59(b), (d), and (e). In this case, the court did not extend the time to act under Rule 59. Rather, the time to act was suspended due to a closure of the court necessitated by a natural disaster.

delays. Because of the time lapse between the events affecting plaintiffs' counsel and the scheduling order dates that were missed, it is implausible that these events greatly impacted plaintiffs' ability to meet the scheduling order's deadlines. Further, this litigation was pending for over two years, and in that time plaintiffs failed to meet deadlines that were essential for the defendants to prepare a defense. Plaintiffs failure to file initial disclosures, witness and exhibit lists, and expert reports at the late stage of the litigation, without plausible explanation, demonstrated a complete disregard for this court's procedures and justified dismissal with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for New Trial or Amendment of Judgment Under Rule 59 of the Federal Rules of Civil Procedure (Doc. #53) is **DENIED**.

New Orleans, Louisiana, this __8th__ day of November, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**